UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NEWARK VICINAGE

NOT FOR PUBLICATION

| | | |
|---|---|---|
| DAVID CARSON, | : | |
| | : | CIVIL NO. 14cv7454 (SRC) |
| Plaintiff, | : | |
| | : | |
| | : | OPINION |
| v. | : | |
| | : | |
| | : | |
| MERRIL MAIN ET AL., | : | |
| | : | |
| DEFENDANTS, | : | |

Plaintiff is a civilly committed detainee under New Jersey's Sexually Violent Predator Act, confined at East Jersey State Prison. (Compl., ECF No. 1.) Plaintiff submitted a civil rights Complaint to this Court, and the Court has granted Plaintiff's request to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (Order, ECF No. 2.) This case is now subject to preliminary review by the Court pursuant to § 1915(e)(2)(b).

When a person is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the statute requires the court to "dismiss the case at any time if the court determines that" the action is frivolous or

1

malicious; the action fails to state a claim upon which relief may be granted; or the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Here, at least one of Plaintiff's claims survives preliminary review.

## I.   THE COMPLAINT

The first defendant named in the complaint is Merril Main, identified as "Clinical Director – D.H.S.". (Compl., ECF No. 1 at ¶4(b)). Plaintiff alleged Main failed to oversee or investigate inadequate treatment, and "signed off" on a D.O.C. policy authorizing the D.O.C. to stop, delay or reduce treatment, and apply prison policies to civilly committed residents. (Id.) The next defendant is Stacey Kaminski, identified as "Admin Major D.O.C.". (Id. at 4(c)). Plaintiff alleged Kaminski set up a policy causing calculated lock-ins and interferences with treatment. (Id.) Plaintiff named two more defendants in the Complaint, Shantay Adams, identified as the Unit Director for D.H.S and Mrs. S. Davis, identified as "Asst. Supt. D.O.C." (ECF No. 1 at 1 and 6.) He alleged Defendants Main, Adams and Davis said there would be no treatment in the S.T.U. for four months, without giving a reason. (ECF No. 1-1 at 6.) Plaintiff alleged that when his prescribed treatment was denied, his confinement under the Civil Commitment Act was "automatically extended." (Id.)

2

Plaintiff alleged that deliberate indifference to his serious treatment needs constituted cruel and unusual punishment. (ECF No. 1-1 at 8.) His treatment needs were not being met because the treatment program in "EJSP Ad Seg Unit STU" was stopped in September 2014. (ECF No. 1-1 at 9.) Plaintiff further alleged he has a fundamental liberty interest in adequate mental treatment, and he was denied that right. (ECF No. 1-1 at 10.) When prescribed treatment is denied for non-medical reasons, Plaintiff asserted there was a violation of substantive and procedural due process. (Id. at 10-11.)

Plaintiff also complained of the conditions of confinement. (Id. at 11.) Plaintiff's cell shared plumbing pipes with another cell because the prison could not afford new pipes. (Id.) Thus, for four years, the toilets in each cell would both have to be flushed before any waste was removed, and this applied to "every 2 cells in the facility." (Id. at 12.) Plaintiff alleged this is an unsanitary, unhealthy and unconstitutional condition of confinement. (Id.) Plaintiff further complained of a bed bug infestation. (Id. at 13.) Finally, Plaintiff complained of application of DOC Policy CVS.001.001.S.T.U., approved on April 27, 2010, to STU residents. (Id. at 16-17.) According to Plaintiff, the Policy provides:

3

> The S.T.U. Administrators or Designees within
> the D.O.C. shall be responsible following all
> related Level 1 internal management procedures
> and developments/ developing appropriate
> written level 3 operational procedures
> consistent with this "D.O.C. policy."

(ECF No. 1-1 at 16-17.)

## II.   STANDARD FOR SUA SPONTE DISMISSAL

Plaintiff is proceeding *in forma pauperis* in this civil action. Therefore, this Court must review the complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must liberally construe the complaint in Plaintiff's favor because he is proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). The Court must also "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In Ashcroft v. Iqbal, the Supreme Court revisited the standard for summary dismissal of a complaint that fails to state a claim

4

upon which relief may be granted. 556 U.S. 662 (2009). The Court examined the pleading standard under Federal Rule of Civil Procedure 8(a)(2), noting that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 677. However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A complaint must be dismissed for failure to state a claim if it does not state a plausible claim for relief. Id. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Finally, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002).

**III. 42 U.S.C. § 1983**

5

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory ... subjects, or causes
> to be subjected, any citizen of the United
> States or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for redress
> . . . .

To state a claim for relief under § 1983, a plaintiff must allege two things; first, the violation of a right secured by the Constitution or laws of the United States; and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## IV.  THE NEW JERSEY SEXUALLY VIOLENT PREDATOR ACT

Plaintiff is civilly committed under the New Jersey Sexually Violent Predator Act ("SVPA"). (ECF No. 1, Compl.) The New Jersey SVPA provides for the custody, care and treatment of involuntarily committed persons who are deemed to be sexually violent predators ("SVP"). N.J.S.A. 30:4-27.24 et seq. The facilities designated for SVPS are operated by the New Jersey Department of Corrections ("DOC"). N.J.S.A. 30:4-27.34(a). The New Jersey Department of

6

Human Services ("DHS") provides for their treatment.   N.J.S.A. 30:4-27.34(b).

In passing the SVPA, the New Jersey Legislature made specific findings regarding SVPs. N.J.S.A. 30:4-27.25. The Legislature noted that it was necessary to modify the previous civil commitment framework and additionally separate SVPs from other persons who have been civilly committed. Id. The SVPA defines a SVP as:

> a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.

N.J.S.A. 30:4-27.26(b).

The SVPA was amended in 2003, requiring that regulations be promulgated jointly by the DOC and the DHS, in consultation with of the Attorney General, taking "into consideration the rights of the patients as set forth in section ten of P.L.1965, c. 59 (C. 30:4-24.2) ... [to] specifically address the differing needs and specific characteristics of, and treatment protocols related to, sexually violent predators." N.J.S.A. 30:4-27.34(d). Those persons committed under the SVPA shall receive annual review hearings.

7

N.J.S.A. 30:4-27.35. A SVP may be released from involuntary civil commitment upon recommendation of the DHS or by the SVP's own petition for discharge. N.J.S.A. 30:4-27.36.

## V.   ANALYSIS

### A.   Eighth Amendment Claim

The Eighth Amendment prohibits cruel and unusual punishment, which is judged by "'the evolving standards of decency that mark the progress of a maturing society.'" Graham v. Florida, 560 U.S. 48, 58 (2010)(citing Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)(plurality opinion)).  The Eighth Amendment is not applicable to civilly committed persons under the NJ SVPA because such persons are civilly committed for control, care and treatment, rather than for punishment. See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005)(finding Eighth Amendment inapplicable to pretrial detainees because Eighth Amendment only applied after conviction). Conditions of confinement claims by a civilly committed person under the NJ SVPA are addressed under the Fourteenth Amendment Due Process Clause. See Anderson v. DaCosta, Civ. No. 10-5835 (PGS), 2011 WL 2223713 (D.N.J. June 1, 2011)("the substantive due process protections of the Fourteenth Amendment apply to SVPs") (citing Andrews v. Neer, 253 F.3d 1052,

1061 (8th Cir. 2001)(applying the Fourteenth Amendment's
"objective reasonableness" standard to excessive force claims
brought by civilly committed SVPs)). Plaintiff's conditions of
confinement and inadequate treatment claims will be analyzed
under the Fourteenth Amendment Due Process Clause below.

    **B.   Due Process Claims**

    The Fourteenth Amendment to the United States Constitution,
§ 1, guarantees that "[n]o State shall ... deprive any person of
life, liberty, or property, without due process of law."
American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff,
669 F.3d 359, 366 (3d Cir. 2012). This clause has procedural and
substantive components. Kelley v. Johnson, 425 U.S. 238 (1976).
The substantive component of the clause protects fundamental
rights that are so "implicit in the concept of ordered liberty"
that "neither liberty nor justice would exist if they were
sacrificed." Lawrence v. Texas, 529 U.S. 558, 593 n. 3
(2003)(quotations omitted). These fundamental rights include
those guaranteed by the Bill of Rights, and other liberty and
privacy interests found to be implicit in the concept of ordered
liberty, such as the right to marry. Washington v. Glucksberg,
521 U.S. 702, 720 (1997).

    Absent conduct that implicates a specific fundamental

9

right, substantive due process also protects against government
conduct that is so egregious that it "shocks the conscience."
United States v. Salerno, 481 U.S. 739, 746 (1987). Laws
disturbing fundamental rights will be upheld, under the strict
scrutiny standard, if they are "narrowly tailored to serve a
compelling state interest." Reno v. Flores, 507 U.S. 292, 302
(1993).

Pretrial detainees, and by logical extension, civilly
committed SVPs who are confined for treatment not punishment,
retain at least those constitutional rights enjoyed by
prisoners. Alexis v. U.S. Dep't of Homeland Sec., Civ. No. 05-
1484(WJM), 2005 WL 1502068, at *10 (D.N.J. June 24, 2005)(citing
Bell v. Wolfish, 441 U.S. 520, 545 (1979); Hubbard, 399 F .3d at
165-66; Natale v. Camden County Correctional Facility, 318 F.3d
575, 581-82 (3d Cir.2003); Kost v. Kozakiewicz, 1 F.3d 176, 187-
88 (3d Cir.1993)). Therefore, the Eighth Amendment standard sets
the floor for constitutional rights regarding conditions of
confinement. Id. Conditions that deny an inmate the "minimal
civilized measure of life's necessities" violate the
Constitution. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Plaintiff's allegation that every two neighboring cells
share plumbing pipes and require residents to flush their own

10

toilet to dispose of the neighboring cell's waste does not deprive a person of the minimal civilized measure of life's necessities. Plaintiff did not allege the waste cannot be removed, only that an inmate has to flush his own toilet to be rid of his neighboring inmate's waste.  While such is no doubt unpleasant, it does not pose an obvious health risk to a resident, and consequently does not deprive him of the minimal civilized measure of life's necessities.

Plaintiff's claim regarding bed bug infestation must similarly fail, as pled. While bed bugs are no doubt a major annoyance, Plaintiff does not allege that nothing is being done to exterminate the bed bugs, and he does not allege that bed bug bites pose a danger to his health. Without more, the presence of bed bugs in the facility is not sufficient to constitute a constitutional violation.

Plaintiff also alleged the infestation of bed bugs led to cancellation of treatment sessions. (ECF No. 1-1 at 13.) Plaintiff has not alleged when or how often treatment was cancelled due to bed bugs or that he was personally affected by such cancellations. This claim will be dismissed without prejudice for failure to plead sufficient facts supporting the claim Plaintiff was deprived of treatment due to bed bugs.

11

The Court notes that Plaintiff describes in his Complaint certain restrictions on food packages, cigarettes and visits, placed on civilly committed SVPs by policy announced in May 2010. (ECF No. 1-1 at 4-5). The Complaint is vague as to whether Plaintiff is attempting to raise a constitutional claim regarding these restrictions, and the Court will not construe the Complaint to contain such a claim. If Plaintiff wishes to raise such a claim, he may wish to amend the Complaint to make the claim clear. Plaintiff should also take note that Section 1983 claims that arise in New Jersey are governed by a two-year statute of limitations. See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010)(Section 1983 claim for selective enforcement in New Jersey is subject to two-year statute of limitations).

Finally, Plaintiff alleged supervisory liability for denial or reduction of prescribed treatment as of September 2014, with no treatment at all for four months. Plaintiff has alleged sufficient facts to proceed past screening on this claim. See Thomas v. Adams, Civ. Nos. 10-5026(DRD), 10-2113(DRD), 2014 WL 5343300(DRD), at *21 (D.N.J. Oct. 20, 2014)(finding claim was properly stated where Defendant supervisors "either:(a) knew they were exposing Plaintiffs to the risk of a scenario where,

for non-medical reasons, Plaintiffs would be unable to obtain the full amount of their prescribed mental treatment (and, potentially, no treatment at all); or (b) recklessly ignore that risk.")

Therefore, pursuant to 28 U.S.C. ¶ 1915(e)(2)(b), the Court will dismiss all but Plaintiff's claims of supervisory liability for violation of the Fourteenth Amendment Due Process Clause based on allegations of denial or reduction of prescribed treatment as of September 2014.

**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGE**

13