**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

|  |  |  |
|---|---|---|
| DAVID CARSON, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-7454 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| MERRILL MAIN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER, United States District Judge**

## I.     BACKGROUND

Plaintiff David Carson ("Plaintiff") is a civilly committed Sexually Violent Predator,

under N.J. STAT. ANN. § 30:4-27.24.  He is currently housed at the Special Treatment Unit

("S.T.U.") of East Jersey State Prison in Avenel, New Jersey.  Plaintiff was civilly committed to

the S.T.U. after serving a criminal sentence for aggravated sexual assault.  (See Certification of

Merrill Main, and attached exhibits, ECF No. 12-2.)  On December 1, 2014, Plaintiff filed a pro

se complaint under 42 U.S.C. § 1983 against Defendants Merrill Main, Shantay Adams, Stacey

Kaminski, and S. Davis. (Compl., ECF No. 1 at 12-13.)  To this date, Defendant Kaminski has

not been served with the Complaint.  (Summons Returned Unexecuted, ECF No. 7.)

This Court granted Plaintiff's application to proceed in forma pauperis and reviewed the

Complaint pursuant to 28 U.S.C. § 1915(e)(2)b). (ECF No. 3.)  The Court dismissed all claims

except Plaintiff's claim of supervisory liability for denial or reduction in his prescribed sex

offender treatment for four months beginning in September 2014, in violation of the Fourteenth Amendment Due Process Clause. (ECF No. 3 at 12.)

On August 8, 2015, Defendants Main, Adams, and Davis filed a motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) These Defendants moved to dismiss the Complaint on the grounds that (1) the Complaint fails to state a claim of supervisory liability against any of the Defendants for denial or reduction in treatment; and (2) the Defendants are entitled to qualified immunity. In support of their motion, Defendants submitted evidence that Plaintiff has refused treatment since his admission into the program in 1999, and continued to refuse treatment through at least June 1, 2015. (ECF No. 12-2.)

On September 30, 2015, the Court converted Defendants' motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56, and gave Plaintiff thirty days to file a response in opposition. (ECF No. 15.) On October 23, 2015, Plaintiff filed an opposition to Defendants' motion for summary judgment, but he did not submit any supporting affidavits or other materials. (ECF No. 16.) For the following reasons, Defendants' motion will be granted, and Plaintiff's claims against Defendants Main, Adams, and Davis will be dismissed with prejudice, because Plaintiff cannot establish a claim for supervisory liability for a constitutional violation where he did not suffer a constitutional injury.

## II.     STANDARD OF REVIEW

### A.     Summary Judgment Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v.

2

Catrett, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine if a reasonable jury could

return a verdict for the non-movant, and it is material if, under the substantive law, it would

affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In

considering a motion for summary judgment, a district court may not make credibility

determinations or engage in any weighing of the evidence; instead, the non-moving party's

evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v.

Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must

establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v.

Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary

judgment cannot rest on mere allegations, and instead must present actual evidence that creates a

genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v.

Carrier Express, Inc., 54 F.3d 1125, 1130–31 (3d Cir. 1995). "[U]nsupported allegations . . . and

pleadings are insufficient to repel summary judgment." Schoch v. First Fidelity Bancorp., 912

F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set

forth specific facts showing that there is a genuine issue for trial"). If a court determines, "after

drawing all inferences in favor of [the non-moving party], and making all credibility

determinations in his favor that no reasonable jury could find for him, summary judgment is

appropriate." Alevras v. Tacopina, 226 F. App'x 222, 227 (3d Cir. 2007) (internal quotations

omitted).

## III.   DISCUSSION

Defendants make two arguments in support of summary judgment. First, Defendants

argue that Plaintiff failed to state a claim for supervisory liability for a denial or reduction in

3

treatment. Second, Defendants argue that even Plaintiff stated a viable due process claim, they are entitled to qualified immunity. (Defs.' Brief in Supp. of their Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) and/or Pursuant to Fed. R. Civ. P. 56, ECF No. 12-3 at 2.)

In his Complaint, Plaintiff alleged he was denied sex offender treatment for a period of almost four months, beginning in September 2014. (Compl., ECF No. 1-1 at 6.) Defendants submitted evidence that Plaintiff has actually refused such treatment for over a decade. (ECF No. 12-2, and attachments.) Specifically, Defendants submitted a certification from Defendant Main stating that Plaintiff is still in "Phase 1" of sex offender treatment. (ECF No. 12-2 ¶ 5.) Phase 1 is "the Orientation and Initial treatment planning phase, during which the trauma of civil commitment is processed to the degree necessary for the resident to begin meaningfully engaging in treatment." (*Id.*)

Plaintiff's most recent Treatment Progress Review Committee ("TPRC") report recommends that Plaintiff remain in Phase 1 because he "continues to refuse treatment and has been in treatment refusal status since his admission to the S.T.U. [in 1999]." (*Id.* ¶ 7.) The TPRC report also indicates that Plaintiff refused to meet with the panel on October 28, 2014, and he has never participated in psychological testing at the S.T.U. (*Id.*) As of June 2015, Plaintiff remains in treatment refusal status. (*Id.*) Plaintiff, in his Response to Defendant's motion, did not rebut any of Defendants' evidence that he has always refused treatment at the S.T.U. He merely re-alleges that he was denied treatment and that it was Defendants' policies that caused the treatment denial. (ECF No. 16 at 1-2.) For the reasons discussed below, Plaintiff cannot establish supervisory liability for deliberate indifference to his need for sex offender treatment because he cannot show that he suffered a constitutional injury caused by Defendants' conduct.

Recently, in Thomas v. Adams, a district court in the District of New Jersey addressed whether a civilly committed person under the New Jersey Sexually Violent Predator Act, N.J. Stat, Ann. § 30:4-27.24, who was housed in the Special Treatment Unit of the East Jersey State Prison, stated a claim for supervisory liability based on reduction or elimination of mental therapy for non-medical reasons.  55 F. Supp. 3d 552 (D.N.J. 2014).  The defendants included the Clinical Director, Assistant Clinical Director, and Program Coordinator of the S.T.U.  Id. at 560. No subordinate officers of the S.T.U. were named as defendants.  Id.[1]  In allowing a Fourteenth Amendment claim to proceed against the supervisory officials, the district court noted that the Due Process Clause of the Fourteenth Amendment includes a substantive guarantee protecting fundamental rights so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." Id. at 575 (quoting Palko v. Conn., 302 U.S. 319, 325 (1937)).  Under this principle, the Supreme Court previously found that confined mentally retarded persons have a right to receive mental treatment.  Id.  (quoting Youngberg v. Romeo, 457 U.S. 307, 316, 319, 322 (1983)).

Under the same principle of substantive due process, the Third Circuit Court of Appeals, in Leamer v. Fauver, found a substantive due process violation would exist if "the officials have been deliberately indifferent" to the due process right to a statutorily mandated treatment regimen that was necessary for improvement and advancement toward release.  288 F.3d 532, 546-47 (3d Cir. 2002).  The test announced was whether the plaintiff was deprived of his interest in treatment "in such a way that the 'behavior of the governmental officer is so egregious, so

---

[1] In this case, the defendants are Merrill Main, Clinical Director of the S.T.U., employed by the State of New Jersey, Department of Human Services (ECF No. 12-2, ¶1); Shantay Adams, Unit Director, employed by the Department of Human Services (ECF No. 1-1 at 6); and Mrs. S. Davis, Assistant Superintendent, employed by the Department of Corrections. (Id.) Defendant Kaminski has not been served and did not take part in this motion for summary judgment.

5

outrageous that it may fairly be said to shock the contemporary conscience.'" Id. at 547 (quoting

Sacramento v. Lewis, 523 U.S. 833, 842 n.5 (1998)).

The district court in Thomas concluded that "when a *prescribed* medical treatment is

denied, reduced or changed for *non-medical* reasons, including financial, administrative or

logistical, the so-denied/reduced/changed treatment suggests an act of deliberate indifference and

amounts to a violation of both procedural and substantive due process with regard to those

mental patients whose sole hope for release hinges on obtaining their prescribed mental therapy."

55 F. Supp. 3d at 576 (citing Leamer, 288 F.3d at 545-47; Durmer v. O'Carroll, 991 F.2d 64, 68

(3d Cir. 1993); White v. Napoleon, 897 F.3d 103, 113 (3d Cir. 1990)).

Under the four-part test for "an Eighth Amendment claim against a supervisor for

implementing deficient policies and deliberate indifference to the risk that the policies would

result in the deprivation of a constitutional right," the plaintiff must prove that:

> (1) the policy in effect at the time of the alleged injury created an
> unreasonable risk of a constitutional violation; (2) the defendant-
> official was aware that the policy created an unreasonable risk [of
> constitutional injury]; (3) the defendant was indifferent to that risk;
> and (4) the constitutional injury was caused by the failure to
> implement [a curative] procedure.

Id. at 578-79 (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In this case, based on Defendants' unrebutted evidence that Plaintiff has always refused

treatment since his admission to the S.T.U., Plaintiff cannot satisfy the elements of a claim for

supervisory liability for a violation of the Fourteenth Amendment. Because Plaintiff has always

refused treatment, there was not an unreasonable risk of a constitutional injury to Plaintiff when

treatment was unavailable or reduced for a four-month period. "Because prisoners have the right

to refuse medical treatment and the right to refuse meals, courts have held that a plaintiff cannot

refuse treatment and food and then complain that defendants were deliberately indifferent to []

6

medical and nutritional needs." Hahn v. Walsh, 915 F. Supp. 2d 925, 953 (C.D. Ill. 2013), aff'd, 762 F.3d 617 (7th Cir. 2014) (citing Offutt v. Cahill–Masching, No. 4-1231, 2007 WL 4379416, at *5 (C.D. Ill. 2007)); see also Thomas v. Gish, 64 F.3d 323, 326 (7th Cir. 1995); Howe v. Polunsky Unit, No. 9:08-cv-142, 2010 WL 5640804, at *8 (E.D. Tex. 2010); Williams v. Fishburn, No. 96 C 1578, 1998 WL 748285, at *5 (N.D. Ill. 1998).

In other words, Plaintiff cannot establish a violation of the Fourteenth Amendment Due Process Clause on these facts because it does not "shock the conscience" that he was denied treatment for four months after he refused treatment for nearly fifteen years.  Not only did he refuse treatment prior to the four-month period where treatment was reduced or unavailable, during the four-month period, Plaintiff declined to be interviewed by the Treatment Progress Review Committee. (ECF No. 12-2, ¶ 7 and attachment).  After the four-month period ended, he continued to refuse treatment through June 2015, the most recent report available. (Id.)

Where a plaintiff cannot establish a constitutional injury, he is not entitled to damages under Section 1983 or injunctive relief.  See City of Los Angeles v. Lyons, 461 U.S. 95, 120 (1983) (plaintiff's entitlement to damages under Section 1983 and his entitlement to injunctive relief depended on whether he could show the defendant's policy violated the Constitution). The Court will grant Defendants' motion for summary judgment on Plaintiff's claims of supervisory liability for violation of the Due Process Clause of the Fourteenth Amendment because Plaintiff has failed to rebut the evidence submitted by Defendants' in support of their motion.  See Fed. R. Civ. P. 56(e) ("if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. . .")

7

IV.    **CONCLUSION**

For the foregoing reasons, in the accompanying Order filed herewith, Defendants' motion for summary judgment will be granted.  The Court will also dismiss the claims against Defendant Kaminski under Federal Rule of Civil Procedure 4(m),[2] because she was not served within 120 days of when the Complaint was filed (on April 21, 2015).

DATED:

STANLEY R. CHESLER
United States District Judge

---

[2] See Federal Rule of Civil Procedure 4(m), effective until December 1, 2015 (a court must dismiss, without prejudice, an action against a defendant who is not served within 120 days after the complaint is filed). The Rule was amended on December 1, 2015, to reduce the period to ninety days for service of the summons and complaint upon the defendant.

8